# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| JUAN GERARDO PEREZ, *et al.*, § | | |
|    *Plaintiffs,* § | | |
| § | | |
| v. § | | CIVIL ACTION NO. H-09-136 |
| § | | |
| GRUPO TMM, S.A.B, *et al.*, § | | |
|    *Defendants.* § | | |

## MEMORANDUM OPINION AND ORDER

Pending before the court is plaintiffs' motion to remand. Dkt. 3. After considering the motion, responses, replies, and applicable law, the court GRANTS plaintiffs' motion. It is, therefore, ORDERED that the case be remanded to the 334th Judicial District of Harris County, Texas, where the suit originally was filed.

## I. BACKGROUND

The instant suit arose from automobile accidents that occurred in Nuevo Laredo, Mexico. Dkt. 3. Defendants Grupo TMM, S.A.B, TMM Logistics, S.A. de C.V., and Lacto Comercial Organizada S.A. de C.V. collectively own and operate an eighteen-wheeler truck. Dkt. 1, Ex. C. Defendants' truck was driving alongside a car carrying Xochitl Carolina Castillo Perez ("Mrs. Perez") and Xochitl Yvette Perez Castillo ("Yvette Perez"). *Id.* The truck collided with the car, causing the deaths of both women. *Id.* After colliding with the car, the defendants' truck then crashed into a parked truck owned by Raymundo Peinado Bobadilla ("Raymundo Peinado"). *Id.*

Plaintiffs Elizabeth Perez, executrix of each decedent's estate and individually, and Juan Perez, Christine Perez, Filipe Perez, and Maria Castillo, relatives of the decedents, bring a wrongful

death claim against defendants. *Id.* Additionally, Raymundo Peinado is suing for damages to his truck, lost income due to the damages to his truck, and mental anguish. *Id.*

Plaintiff Juan Perez is a citizen of both the United States and Mexico, but resides in Iraq and the Republic of Georgia. *Id.* Although the record fails to identify the citizenship of each, plaintiffs Elizabeth, Christine and Felipe Perez are residents of Harris County, Texas. And, plaintiffs Maria Castillo and Raymundo Peinado are citizens and residents of Mexico. *Id.* All of the defendants are incorporated in Mexico and their principal places of business are also in Mexico. Dkt. 7.

Plaintiffs argue that complete diversity is lacking because Raymundo Peinado and Maria Castillo are both Mexican citizens and domiciled in Mexico. Dkt. 3. In addition, Juan Perez holds dual U.S.–Mexican citizenship and is currently domiciled in Iraq and the Republic of Georgia. *Id.* Defendants respond that wrongful death claims derive from the decedent's rights, thus jurisdiction is proper in the decedent's domicile. If true, Juan Perez and Maria Castillo would be Texas residents for the purposes of the wrongful death claims.

In the alternative, defendants argue that the claims of Raymundo Peinado were improperly joined because his claims are separate and dissimilar from the other plaintiffs' cause of action. *Id*.

## II. ANALYSIS

### A. Standards for Diversity Jurisdiction

Defendants removed the case to federal court on the basis of diversity jurisdiction. Dkt. 1. Diversity jurisdiction exists in civil actions only where the amount in controversy exceeds $75,000 and the parties are:

> (1) citizens of different States
> (2) citizens of a State or subjects of a foreign state
> (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
> (4) a foreign state, defined in section 1603(a) of this title, as plaintiffs and citizens of a State or of different States.

28 U.S.C. § 1332(a).

> In finding jurisdiction lacking, courts generally rely on two rationales. First, because "[d]iversity jurisdiction does not encompass foreign plaintiffs suing foreign defendants," the presence of U.S. citizens on only one side of the dispute does not preserve jurisdiction. *Faysound Ltd. v. United Coconut Chems., Inc.,* 878 F.2d 290, 294 (9th Cir. 1989) (internal quotation marks and citation omitted); *see also Extra Equipamentos E Exportacao Ltda. v. Case Corp.,* 361 F.3d 359, 361 (7th Cir. 2004) ("The diversity jurisdiction does not extend to a suit in which there is a U.S. citizen on only one side of the suit and foreign parties on both sides."); *Universal Licensing Corp. v. Paola del Lungo S.p.A.,* 293 F.3d 579, 581 (2d Cir. 2002) ("[D]iversity is lacking within the meaning of [§ 1332(a)(2) and (3)] where the only parties are foreign entities, or where on one side there are citizens and aliens and on the opposite side there are only aliens."); *Dresser Indus., Inc. v. Underwriters at Lloyd's of London,* 106 F.3d 494, 499 (3d Cir. 1997) ("[S]ection 1332(a)(2) only grants jurisdiction in cases between aliens and citizens. Cases between aliens on one side and aliens and citizens on the other, therefore, do not fit the jurisdictional pigeonhole.").
> . . .
> Second, courts have consistently interpreted *Strawbridge v. Curtiss,* 7 U.S. (3 Cranch) 267, 2 L. Ed. 435 (1806), for purposes of § 1332(a)(2) to require complete diversity between the parties. *See Craig v. Atl. Richfield Co.,* 19 F.3d 472, 476 (9th Cir. 1994) (Under § 1332(a)(2) complete diversity was lacking where "the case involved a single foreign plaintiff ... and numerous foreign defendants (in addition to U.S. defendants)."); *Eze v. Yellow Cab Co. of Alexandria, Va.,* 782 F.2d 1064, 1065 (D.C. Cir. 1986) ("[Under long-held precedent, diversity must be 'complete.' . . . A diversity suit, in line with the *Strawbridge* rule, may not be maintained in federal court by an alien against a citizen of a state and a citizen of some other foreign country."); *Chick Kam Choo v. Exxon Corp.,* 764 F.2d 1148, 1151 (5th Cir. 1985) ("For the purposes of section 1332(a)(2) complete diversity is required.")

*U.S. Motors v. General Motors Europe*, 551 F.3d 420, 423 (6th Cir. 2008).

To achieve complete diversity, the defendants must show that Juan Perez and Maria Castillo should be considered Texas residents for the purposes of this action and that joinder of Raymundo Peinado's claims is impermissible. The court will consider each of these in turn.

3

**B. Plaintiffs' Citizenship**

*1. Juan Perez and Maria Castillo*

Under Texas law, wrongful death actions derive from the decedent's rights. TEX. CIV. PRAC. & REM. CODE § 71.003(a); *Russell v. Ingersoll-Rand Co.*, 841 S.W.2d 343, 345–46 (Tex. 1992). Therefore, it is the decedent's domicile that the courts consider in determining jurisdiction. *See, e.g.*, *Velasquez v. Broesche,* No. SA-06-CA-144-FB, 2006 U.S. Dist. LEXIS 59400, at *1, 5–6 (W. D. Tex. June 13, 2006) (stating the decedent's domicile determines jurisdiction in wrongful death actions).

Mrs. Perez was born in Mexico, but moved to the United States in the 1960s. Dkt. 3, Ex. 1. Based upon the record provided, it appears she resided in the United States until her death. *Id.* At the time of her death, she was a U.S. citizen. *Id.* Yvette Perez was born in, and a citizen of, the United States. *Id.* She also had partial ownership in real property located in Houston, Texas, which she shared with her sisters. *Id.* Based on the facts presented by the plaintiffs, the court concludes that both Mrs. Perez and Yvette Perez were domiciled in Texas. Because plaintiffs Juan Perez and Maria Castillo assert wrongful death claims resulting from the deaths of the decedents, Mrs. Perez and Yvette Perez, for the purposes of this action, they are deemed to be U.S. citizens. Consequently, their presence does not destroy diversity.

*2. Raymundo Peinado*

Neither party has advanced any evidence or argument that Raymundo Peinado should be considered a U.S. citizen for the purpose of this action. Dkts. 3, 7. He is a Mexican citizen and has lived continuously in Mexico since 1985. Dkt. 3, Ex.2. And, Raymundo Peinado's claims are direct

4

and not derivative of the decedents. Dkt.1, Ex. B. Thus, for the purposes of determining whether diversity jurisdiction exists, Raymundo Peinado is a citizen of Mexico.

## B.  Permissive Joinder of Plaintiff Raymundo Peinado

Alternatively, defendants argue that Raymundo Peinado's claims should be severed from the claims of the other defendants, pursuant to Federal Rule of Civil Procedure 21, because Raymundo Peinado allegedly was impermissibly joined as a party to this action. Dkt. 7. The threshold determination of permissible joinder must occur prior to ruling on the issue of severance. *See* FED. R. CIV. P. 21 (stating misjoinder is not a reason for dismissing actions, but severance is an appropriate remedy). If the court determines, first, that Raymundo Peinado was improperly joined and, second, that severance is appropriate, complete diversity would exist between the remaining U.S. plaintiffs and Mexican defendants. *See* 28 U.S.C. § 1332(a)(2) (stating there is diversity jurisdiction between U.S. citizens and subjects of foreign states); *Chick Kam Choo v. Exxon Corp.,* 764 F.2d 1148, 1151 (5th Cir. 1985) ("For the purposes of section 1332(a)(2) complete diversity is required."); *Strawbridge v. Curtiss,* 7 U.S. (3 Cranch) 267, 2 L. Ed. 435 (1806) (complete diversity requires all plaintiffs to be able to separately sue each defendant in federal courts).

*1. Standards for Joinder*

The standards for determining whether the joinder of plaintiff Raymundo Peinado is permissible are found in Federal Rule of Civil Procedure 20(a). FED. R. CIV. P. 20(a). According to the Rule, a plaintiff may be joined to an action "[plaintiffs] assert any right to relief . . . with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences. [And] any question of law or fact common to all plaintiffs will arise in the action." *Id.*

The Fifth Circuit has not endorsed a single test to determine when claims arise from the "same transaction or occurrence." *See Applewhite v. Reichhold Chems., Inc.*, 67 F.3d 571, 574 (5th Cir. 1995) (citing *Mosley v. General Motors Corp.,* 497 F. 2d. 1330, 1332–33 (8th Cir 1974)). In *Mosley,* the court held that the determination that claims result from the same transaction should be made on a case-by-case basis, but all "logically related" events "generally are regarded as comprising a transaction or occurrence." *Mosley*, 497 F.2d at 1333; *see also Kosadnar v. Metro. Life Ins. Co. (In re Kosadnar)*, 157 F.3d 1011, 1015 (5th Cir. 1998) (stating courts should consider whether the equities of the case would be served by joinder).

**C. Permissive Joinder of Raymundo Peinado's Claims**

The automobile accidents that occurred in Nuevo Leon, Mexico, were two incidents in the same chain of events. Dkt. 1, Ex. C. The defendants' eighteen-wheeler truck collided with the car carrying Mrs. Perez and Yvette Perez. *Id.* Immediately thereafter, the eighteen-wheeler crashed into Raymundo Peinado's truck, which was parked on the side of the road. *Id.* Based upon the facts alleged, the court finds the plaintiffs' claims arise out of the same transaction or occurrence.

With regard to the second requirement of Rule 21(a), defendants correctly argue that Raymundo Peinado's claims are different from the other plaintiffs' claims. Dkt. 7. Raymundo Peinado asserted claims for loss of property, lost profits resulting from the lost property, and mental anguish resulting from the collision of the defendants' truck and his own. Dkt. 1, Ex. C. In contrast, the other plaintiffs seek damages resulting from the deaths of Mrs. Perez and Yvette Perez. *Id.*

However, these differences do not prove fatal to Raymundo Peinado's claims because Raymundo Peinado's theory of the case is identical to the other plaintiffs—the driver of defendants'

truck negligently caused all of the injuries and property damage. *Id.* This common threshold determination needs to be made before damages can be assessed for any of the claims. Further, the standard is whether "*any* question of law or fact" is common to all plaintiffs, not whether *all* questions are identical. FED. R. CIV. P. 20(a). Consequently, joining Raymundo Peinado's claims to the other plaintiffs' actions is permissible. As a result, severance of Raymundo Peinado's claims is not appropriate. Because the claims of Raymundo Peinado, a Mexican citizen, may be joined pursuant to Rule 20(a), there is not complete diversity.

### III. CONCLUSION

In the instant case, plaintiff Raymundo Peinado is a Mexican citizen, as are all defendants by virtue of incorporation and their primary places of business. Dkt. 1, Ex. C. Having found that joinder of the claims of Raymundo Peinado is permissible under Federal Rule of Civil Procedure 20(a), Raymundo Peinado's claims should not be severed. The presence of Mexican citizens on both sides of the dispute destroys diversity jurisdiction. Consequently, this court lacks subject matter jurisdiction, thus, the court REMANDS the case to the 334th Judicial District of Harris County, Texas.

Signed at Houston, Texas on April 1, 2009.

_____
Gray H. Miller
United States District Judge